UNITED STATES of America,
Appellee,

v.

11.74 ACRES. OF LAND, MORE OR
LESS, Situated IN DOUGLAS COUN-
TY, STATE OF NEBRASKA, et al.,
Appellants.

No. 74–1799.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1975.

Decided May 6, 1975.

Thomas R. Wolff, Omaha, Neb., for appellants.

William K. Schaphorst, U. S. Atty., Omaha, Neb., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, ROSS, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

The basic issue presented by this appeal is whether the district court erred in determining that 11.74 acres of land owned by the Harders, known as Tract 103–2, was probably within the scope of Project 16, Papillion Creek and Tributaries Lakes. The significance of the determination of this issue is that under United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943), the landowner in the condemnation proceedings is. not entitled to any increase in the value of his land due to its proximity to the project if the land was probably within the scope of the project.

* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

■ The determination of whether the condemned land was probably within the scope of the project is to be made by the trial court. United States v. Reynolds, 397 U.S. 14, 20, 90 S.Ct. 803, 25 L.Ed.2d 12 (1970). Action for the condemnation of Tract 103–2 was filed March 10, 1973. The court, after holding an evidentiary hearing, determined that Tract 103–2 was probably within the scope of Project 16. The court's finding, in pertinent part, reads:

> From the beginning of Project 16, the government knew that it would need some property as an access road from Fort Street. Tract 103–2 had been located within the preliminary sketches of the project and was adjacent to the later proposed boundaries. Its physical proximity to the dam site and location along Fort Street made it a "logical choice" for inclusion within the project area. United States v. First Pyramid Life Insurance Co., 382 F.2d 804 (8th Cir. 1967). In a flood control project as complicated as this one, lengthy and complicated engineering studies are required before the government can make a responsible decision as to the boundaries of the Project. During the planning stage here, it was discovered that Tract 103–2 was needed for an access road and to provide protection for the lake.

The court quotes and follows the applicable law found in United States v. Reynolds, *supra* at 21, 90 S.Ct. at 807:

> [I]f the "lands were probably within the scope of the project from the time the Government was committed to it," no enhancement in value attributable to the project is to be considered in awarding compensation. As with any test that deals in probabilities, its application to any particular set of facts requires discriminating judgment. The rule does not require a showing that the land ultimately taken was actually specified in the original plans for the project. It need only be shown that during the course of the planning

or original construction it became evident that land so situated would probably be needed for the public use.

■ The court's finding is supported by substantial evidence. *Miller* and *Reynolds* support the conclusion reached that Tract 103–2 was probably within the scope of Project 16. The court committed no error in excluding evidence and offers of proof of enhancement of the value of Tract 103–2 attributable to Project 16.

Affirmed.